*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-046

MAY TERM, 2013

| | |
|---|---|
| In re B.P. and K.P., Juveniles | }    APPEALED FROM: |
| | } |
| | }    Superior Court, Chittenden Unit, |
| | }    Family Division |
| | } |
| | }    DOCKET NO. F247/248-8-10 Cnjv |

Trial Judge: Alison S. Arms

In the above-entitled cause, the Clerk will enter:

Father appeals an order of the superior court, family division, terminating his parental rights with respect to his two children, K.P. and B.P. We affirm.

The facts in this case as found by the trial court are undisputed on appeal. K.P. and B.P. were born in December 2008 and April 2010, respectively. The Department For Children and Families (DCF) became involved with the family in June 2010 upon learning that K.P. was malnourished and neglected, that the children's mother had serious mental health issues interfering with her ability to care for the children, and that between 2003 and 2006 father had pled guilty to domestic assault on two occasions and had been the subject of several substantiated reports of physical, and in one case sexual, abuse. That same month, the children's maternal grandmother offered to take the children, and the parents agreed. In early August 2010, DCF filed a petition alleging that the children were in need of care and supervision (CHINS). Following an Emergency Care Hearing, the court transferred custody of the children to DCF with the understanding that the children's placement with the grandmother would continue. In September 2010, the court issued a CHINS order based on the parents' stipulation that they were unable to meet the children's health and hygienic needs at that time, and neither parent was able to care for both children at once.

In October 2010, DCF filed a disposition report setting forth concurrent goals of reunification and adoption. In November 2010, the court approved a modified case plan providing services to the parents, including visitation, and granting the maternal grandmother temporary custody of both children. In May 2011, the court granted DCF's emergency motion to suspend father's visits because of concerns regarding his behavior toward the mother and grandmother. That same month, father failed to appear at a post-dispositional review hearing, and mother moved into a shelter for victims of domestic violence upon obtaining a temporary relief-from-abuse order against father. Shortly thereafter, father moved to Arkansas.

In September 2011, the children's attorney filed petitions to establish a permanent guardianship for the children with the maternal grandmother, but two months later the attorney stated his intent to withdraw the petitions and instead file petitions seeking termination of parental rights (TPR) as to both children. The grandmother was interested in adopting the children, and mother indicated that she would not oppose the TPR petitions, which were filed in February 2012. By the time of the September 2012 hearing on the petition to terminate father's parental rights, father had had no contact with the two young children since May 2011. Following the TPR hearing, the court granted the petitions, concluding that father had not made sufficient progress towards reunification, had "essentially abandoned" the children, and would not be able to resume his parental duties within a reasonable period of time from the children's perspective.

On appeal, father does not dispute any of the court's findings or conclusions, but rather contends that the court committed plain error by allowing as testimony statements by the children's guardian ad litem (GAL) that was based on her observations outside the record, in violation of Vermont Rule of Family Procedure 6(e). We find no error requiring reversal of the court's TPR decision.

At the conclusion of the TPR hearing, DCF's attorney reminded the court that it had not yet asked the children's GAL if she had any opinion to offer. The court then asked the GAL if she had an opinion "regarding what is in the best interest of the children based upon the testimony that [she had] heard in Court today." She responded as follows:

> My observation is that it is in the best interest of these children to remain with [the grandmother]. I think they are doing well there. When I visit, they seem happy and active, engaged with [the grandmother], and I think the fact that it's been so long since they've seen their father that it would be difficult to make up the time.
>
> . . . .
>
> . . . I think they're quite attached to [the grandmother]. As far as I know, they call her Grandma and call [the mother] Mom, but they see Mom regularly, also, so that is a home environment that's now well-established and positive, and I think it would not be in the best interest of the children to remove them from that at this point and take them to an environment which is totally unknown to them.

Father did not object to this statement at the time, and did not move to strike it from the record.

Rule 6(e)(3) of the Vermont Rules of Family Procedure provides, in relevant part, "that the guardian ad litem may, at any phase of the proceeding, state his or her position or opinion and the reasons thereof, which reasons shall be based upon the evidence which is in the record." In a similar vein, Rule 6(e)(4) provides that "a guardian ad litem may be called as a witness only

when that person's testimony would be directly probative of the child's best interest, and no other persons could be employed or subpoenaed to testify on the same subject matter." The Reporter's Notes to Rule 6 state that these strictures are meant to assure that the trial court does not base its decision on factual allegations unsupported by the evidence admitted at trial.

According to father, by allowing the GAL to included references to her own experiences with the family outside of the courtroom in stating her opinion, the court committed plain error, in violation of Rule 6. Father contends that the error cannot be considered harmless, and therefore the TPR order must be reversed, because one of the best-interests factors is the relationship of the children with the foster family. See 33 V.S.A. § 5114(a)(1). The GAL's statement about the children's adjustment to their grandmother's home, the argument goes, likely influenced the court's findings that the children had a strong relationship with their grandmother because, in contrast to more interested witnesses, GALs in general are "cloaked with neutrality."

Father's arguments are unavailing. First, the trial court's opinion does not support father's suggestion that the court considered the GAL's statements to be testimony or evidence. In its findings and conclusions, the trial court specifically identified the three witnesses on whose testimony the court was relying: the DCF case worker, father, and the grandmother. The GAL was not sworn as a witness, and the court made no reference to the GAL's statement in the context of the court's findings. We cannot infer based on this record that the court improperly considered the GAL's passing statement as evidence. Cf. Gilbert v. Gilbert, 163 Vt. 549 (applying rule very similar to Rule 6 and reversing trial court's award of parental rights and responsibilities where court made findings based on report from GAL that included matters not in evidence, and report played significant role in custody hearing).

Second, the fact that the children were doing well in their grandmother's custody was undisputed and supported by other evidence in the record. In its findings, the court referred to three prior occasions during the CHINS proceedings when the court noted that the children were doing well in the grandmother's custody. Moreover, at the TPR hearing, a DCF social worker testified that from her observations the children were doing "great" in the grandmother's care. Father did not suggest otherwise in his testimony. In short, to the extent that the GAL's comments were based on her own observations, they were essentially consistent with the uncontradicted evidence presented at the TPR hearing. This fact further undermines father's suggestion that we should infer that the trial court considered the statements as evidence in violation of the applicable rule.

Finally, the GAL's comments did not relate to the primary bases underlying the court's TPR decision. The court's TPR decision was based upon its conclusions, which father does not challenge on appeal, that father had done little to address the crucial issues that resulted in the children being removed from his and the mother's custody more than two years earlier, had essentially abandoned the children, had not played a constructive role in the children's lives, and would not be able to resume his parental duties within a reasonable period of time. These conclusions alone support the court's TPR decision, even setting aside the GAL's observations that the children were quite attached to their grandmother and were doing well in her custody. In this case, the record overwhelmingly supports the trial court's conclusion that father will be unable to resume his parental duties within a reasonable period of time from the perspective of

the children.  For this reason, even if the court had improperly treated the GAL's comments as evidence, that would not amount to plain error requiring reversal of the court's TPR decision.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice